GARY M. RESTAINO
United States Attorney
District of Arizona
MATTHEW G. ELTRINGHAM
Assistant U.S. Attorney
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: matthew.eltringham@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | CR 21-00672-TUC-RM (DTF) |
|---|---|
| Plaintiff, | |
| vs. | GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE DEFENSE INTRODUCTION OF PRIOR HEARSAY STAMENTS MADE BY THE DEFENDANT |
| Teddy Joseph Von Nukem, | |
| Defendant. | |

Now comes the United States of America, by and through its attorneys undersigned, and files this motion in limine requesting that this Court bar the defendant from introducing his own out-of-court statements through other witnesses, audio recordings, transcripts of said statements and/or through any other means. The government moves for this preclusion to extend to the defense's opening statement, cross examination of the government's witnesses, and during direct examination of any, and all, defense witnesses.

The defendant should be precluded from introducing his own out-of-court statements through the testimony of another witness. While the Government may use the statements of a defendant against him under Federal Rule of Evidence 801(d)(2) (admission by party-opponent), this rule may not be relied upon by the defendant because he is not the proponent of the evidence and, if introduced by him, the evidence would not be offered against him, but rather on his own behalf. *See United States v. Ortega*, 203 F.3d

675, 682 (9th Cir.2000.) (Defendant could not introduce his own non-self-inculpatory hearsay statements).

The defendant's non-self-inculpatory statements are inadmissible even if they were made contemporaneously with other self-inculpatory statements. *See Williamson v. United States*, 512 U.S. 594, 599, (1994). The self-inculpatory statements, when offered by the government, are admissions by a party opponent and are therefore not hearsay, *see* Fed.R.Evid. 801(d)(2), but the non-self-inculpatory statements are inadmissible hearsay. *See Williamson*, 512 U.S. at 599, (finding that [t]he fact that a person is making a broadly self-inculpatory confession does not make more credible the confession's non-self-inculpatory parts [which are hearsay]). To rule otherwise, the defendant would be able to place his exculpatory statements before the jury without subjecting himself to cross examination, exactly what the hearsay rule forbids. *United States v. Fernandez*, 839 F.2d 639, 640 (9th Cir.1988).

Furthermore, the defendant cannot rely on the rule of completeness to introduce his own hearsay statements. Under Ninth Circuit law, Rule 106 does not allow admission of otherwise inadmissible hearsay. *Ortega*, 203 F.3d at 683 (Even if the rule of completeness did apply, exclusion of Ortega's exculpatory statements was not proper because these statements would still have constituted inadmissible hearsay.); *United States v. Collicott*, 92 F.3d 973, 983 (9th Cir. 1996) (Because Zaidi's out-of-court statements to Kehl do not fall within an exception to the hearsay rule, they are inadmissible, regardless of Rule 106). The defendant made a post-*Miranda* statement, in which he made both self-inculpatory and non-self-inculpatory statements. The government may seek to introduce the self-inculpatory portions of his post-*Miranda* statement.

/ / /

/ / /

Accordingly, the Court should enter an order precluding the defendant from mentioning the contents of the defendant's non-self-inculpatory statements in defendant's opening statement, on direct or cross examination of any witness in this case

Respectfully submitted this 14th day of December, 2022.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/ Matthew G. Eltringham*

Matthew G. Eltringham
Assistant U.S. Attorney

Copy of the foregoing served electronically or by
other means this 14th day of December, 2022, to:

J. Leo Costales, Esq.
Attorney for the Defendant.