GARY M. RESTAINO
United States Attorney
District of Arizona
MATTHEW G. ELTRINGHAM
Assistant U.S. Attorney
matthew.eltringham@usdoj.gov
405 West Congress, Suite 4800
Tucson, Arizona  85701-5040
Telephone: (520) 620-7300
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>       Plaintiff,<br>  v.<br><br>Teddy Joseph Von Nukem,<br><br>       Defendant. | CR 21-00672-TUC-RM (DTF)<br><br>GOVERNMENT'S RESPONSE TO DEFENSE MOTION IN LIMINE TO PRECLUDE THE INTRODUCTION OF EXPERT TESTIMONY<br><br>(Doc. 67) |

Now comes the United States of America, by and through its attorneys undersigned, and files this response to the defense Motion in Limine to Preclude the Introduction of Expert Testimony. (Doc. 67.)  The defense raises two points in their motion: (1) they request a *Daubert* hearing, and (2) they ask this Court to preclude the testimony of DEA Special Agent Justin Wipf.  The motion should be denied. Whether the Court's Rule 702 inquiry occurs during a pretrial *Daubert* hearing[1], voir dire at trial, or some other method, the record will establish the relevancy and reliability of the expert testimony.

**Facts**

On March 17, 2021, the defendant was apprehended when he attempted to smuggle approximately 15.09 kilograms of fentanyl pills concealed in his vehicle into the United

---

[1] If the Court decides to set a *Daubert* hearing, it should be noted that undersigned counsel will be in a jury trial with Judge Hinderaker from January 17 through January 20, 2023, in *United States v. Kortright*.  CR-21-0443-TUC-JCH.

States through the Lukeville Port of Entry.  During a post-*Miranda* statement, the defendant admitted he was attempting to smuggle an unknown quantity of an unknown controlled substance into the United States, and also admitted he was paid $4,000 to smuggle the contraband.  The defendant stated that he lent his vehicle to "Victor" in Mexico, and that Victor had possession of his vehicle for a few days before his arrest. On April 14, 2021, a federal grand jury returned an indictment charging the defendant with the following: Count 1, Conspiracy to Distribute Fentanyl; Count 2, Possession with Intent to Distribute Fentanyl; Count 3, Conspiracy to Import Fentanyl; and Count 4, Importation of Fentanyl.  (Doc. 16.)

The government intends to call DEA Special Agent Justin Wipf as an expert to testify in rebuttal at trial if the defendant testifies. SA Wipf will testify that as part of drug trafficking organizations' modus operandi, the organizations do not typically entrust large values of controlled substances to unknowing couriers.  As part of his testimony, SA Wipf will testify as to the compartmentalization and organization structure of drug trafficking organizations.  He will also testify that back in 2021, fentanyl pills sold for $17,000 to $24,000 per kilogram in Phoenix, Arizona.  Therefore, the 15.09 kilograms concealed in the defendant's vehicle was worth between $256,360 and $361,920. SA Wipf has been a DEA Special Agent for the past five years and has participated in multiple investigations involving illegal drugs and proceeds. He is currently a DEA Field Agent Trainer. Prior to his work at DEA, SA Wipf was a U.S. Secret Service Special Agent for three years and a U.S. Customs and Border Protection Officer for two years.

SA Wipf is qualified to testify as an expert based upon his training and experience, and his testimony is reliable, relevant, and admissible to prove that the defendant knew, or should have known, he was attempting to smuggle illegal contraband into the United States.

**Law and Argument**

"[E]xpert testimony on drug trafficking organizations and the behavior of unknowing couriers is admissible when relevant, probative of a defendant's knowledge, and not unfairly prejudicial under the standard set forth in the Federal Rules of Evidence."

2

*United States v. Sepulveda-Barraza*, 645 F.3d 1066, 1072 (9th Cir. 2011); *quoting United States v. Murillo*, 255 F.3d 1169 (9th Cir. 2001). "[T]estimony that drug traffickers do not entrust large quantities of drugs to unknowing transporters is not drug courier profile testimony." *United States v. Cordoba*, 104 F.3d 225, 230 (9th Cir. 1997), *abrogated on other grounds as recognized by United States v. Valencia-Lopez*, 971 F.3d 891, 901 (9th Cir. 2020). The Ninth Circuit has held that certain evidence related to the modus operandi of drug trafficking organizations is admissible in certain circumstances, such as when the defendant opens the door to such evidence. *See Sepulveda-Barraza*, 645 F.3d at 1070; *see also, United States v. Pineda-Torres*, 287 F.3d 860, 865 (9th Cir. 2002).

In *Sepulveda-Barrazas,* the defendant was charged with importation and possession with the intent to distribute cocaine after he was stopped at the border driving a vehicle containing eleven packages of cocaine. 645 F.3d at 1068. At trial, the defendant argued that Sepulveda-Barraza was simply an unknowing courier. *Id.* at 1072. The United States called an Immigration and Customs Enforcement Special Agent as an expert witness to testify about the control of drug couriers by drug trafficking organizations, the street value of the cocaine, and the implausibility that drug traffickers would entrust valuable drug loads to an unknowing individual. *Id.* at 1068-69. The defendant appealed, arguing that *United States v. Vallejo*, 237 F.3d 1008 (9th Cir. 2001), *amended by* 246 F.3d 1150 (9th Cir. 2001), established a per se rule that the government may not introduce expert testimony describing the general structure and operations of drug trafficking organizations. *Id.* at 1070. The Ninth Circuit disagreed and held that when expert testimony on drug trafficking organizations and the behavior of unknowing couriers is relevant, probative of a defendant's knowledge, and not unfairly prejudicial, that testimony is admissible at trial. *Id.* at 1071.

The defendant cites to *United States v. Pineda-Torres* to support his argument that SA Wipf's testimony should be precluded. 287 F.3d 860 (9th Cir. 2002). However, the defendant's case is distinguishable from *Pineda-Torres* as the defendant in this case is charged with conspiracy to distribute fentanyl and conspiracy to import fentanyl. (Doc. 16.) See also, *United States v. Kortright*, D.Az. CR-21-0443-TUC-JCH, (Doc. 59, p. 4.)

The defendant also argues that SA Wipf's testimony should be precluded because its probative value is outweighed by its prejudicial effect. Rule 403, Fed. R. Evid., is an extraordinary remedy to be used sparingly because it permits the trial court to exclude otherwise relevant evidence. *United States v. Mende*, 43 F.3d 1298, 1302 (9th Cir. 1995), *United States v. Patterson*, 819 F.2d 1495, 1505 (9th Cir. 1987). Under terms of the rule, the danger of prejudice must not merely outweigh the probative value of the evidence, but *substantially* outweigh it. *United States v. Mende*, 43 F.3d 1298, 1302 (9th Cir. 1995) (emphasis in original). Evidence must be unfairly prejudicial for exclusion. Unfair prejudice to a defendant refers to relevant evidence used to lure the fact finder into declaring guilt on a ground different from proof specific to the offense charged. *Old Chief v. United States*, 519 U.S. 172 (1997).

In this case, the United States intends to present evidence as to the modus operandi of drug trafficking organizations. Drug trafficking organizations operate like a business wherein their product is the distribution of controlled substances and collection of proceeds from the illicit sales of the controlled substances. The drug trafficking organizations use a number of individuals and methods to smuggle controlled substances into the United States. Then a different group of individuals retrieves the controlled substances from the initial smuggler and further smuggles, and distributes, the controlled substances within the United States.

This evidence is "relevant and probative to the defendant's knowledge" especially since the defendant was transporting approximately 15.09 kilograms of fentanyl pills concealed within his vehicle. The defendant may not have known specifically where the controlled substances were concealed, but the organization would know where the controlled substances are located. The drug trafficking organization would want to retrieve the controlled substances for further distribution within the United States. It stands to reason that additional members of the organization would retrieve the fentanyl from the defendant's vehicle for this purpose. Much like when the defendant was in Mexico and permitted an individual, "Victor," to take his vehicle for a couple of days to conceal the 15.09 kilograms of fentanyl pills in the rear cargo area.

A similar challenge to expert testimony was raised in an almost identical case before Judge Hinderaker in *United States v. Kortright*, CR-21-0443-TUC. In that case, Ms. Kortright attempted to enter the United States through the DeConcini Port of Entry in Nogales, Arizona. Ms. Kortright was the owner, driver, and sole occupant of her vehicle which contained approximately 11.84 kilograms of methamphetamine and 3.24 kilograms of heroin concealed within her vehicle. After briefing and arguments by counsel, Judge Hinderaker issued an Order granting in part and denying in part the defendant's motion to preclude certain expert testimony. (CR-21-044-TUC, Doc. 59.) In pertinent part, Judge Hineraker ruled that the government can present expert testimony, "regarding the value of drugs discovered and that 'drug traffickers do not entrust large quantities of drugs to unknowing transporters' is relevant and admissible to rebut Defendant's defense. *See Murillo*, 255 F.3d at 1177-78."[2] (Kortright, Doc. 59, p. 5.)

Special Agent Wipf would testify to the similar facts as the expert witness in *Kortright*.

Defense appears to make an initial request for additional disclosure regarding Special Agent Wipf's knowledge of drug prices in 2021. SA Wipf's opinion is based on his trainings and experiences as a DEA agent who investigates drug trafficking internationally, in southern Arizona, and other areas of the United States, along with his other trainings and experiences as a Secret Service Agent and Customs and Border Protection Officer.

/ / /

/ / /

---

[2] *United States v. Murillo*, 255 F.3d 1169, 1176–77 (9th Cir. 2001) (finding unknowing drug courier expert testimony admissible in a drug possession case involving over $1,000,000.00 worth of methamphetamine and cocaine to undercut defense that Defendant was "simply an unknowing courier."), *overruled in part on other grounds by United States v. Mendez*, 476 F.3d 1077 (9th Cir. 2007).

Wherefore, the government respectfully requests that this Court deny the defendant's motion *in limine*.

Respectfully submitted this 10th day of January, 2023.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/ Matthew G. Eltringham*
MATTHEW G. ELTRINGHAM
Assistant U.S. Attorney

Copy of the foregoing served electronically
or by other means this 10th day of January, 2023, to:

J. Leo Costales, Esq.,
Jordan P. Malka, Esq.,
Attorneys for the Defendant.