GARY M. RESTAINO
United States Attorney
District of Arizona
MATTHEW G. ELTRINGHAM
Assistant U.S. Attorneys
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: matthew.eltringham@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>    vs.<br><br>Teddy Joseph Von Nukem,<br><br>    Defendant. | CR 21-0672-TUC-RM (DTF)<br><br>PRELIMINARY JURY INSTRUCTION 1.2 |

The United States of America, through undersigned counsel, respectfully submits the attached preliminary instruction to the Court and requests the Court to give this preliminary instruction to the jury in the trial of the above-captioned matter.

Respectfully submitted this 10th day of January, 2023.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/Matthew G. Eltringham*
MATTHEW G. ELTRINGHAM
Assistant U.S. Attorney

Copy of the foregoing served electronically or by other means this 10th day of January, 2023, to:

J. Leonardo Costales, Esq.
Jordan P. Malka, Esq.
Attorneys for the defendant

GOVERNMENT'S REQUESTED INSTRUCTION

The Government requests that the following standard instructions from the Ninth Circuit Manual of Model Jury Instructions, Criminal, Instruction 1.2, 2022 Ed. be read along with the accompanying Government's Requested Jury Instructions:

Preliminary Instructions:

1.2   The Charge - Presumption of Innocence

This is a criminal case brought by the United States government. The government charges the defendant with Count 1, Conspiracy to Possession With Intent to Distribute Fentanyl, Count 2, Possession With Intent to Distribute Fentanyl, Count 3 Conspiracy to Import Fentanyl, and Count 4, Importation of Fentanyl. The charge against the defendant is contained in the indictment. The indictment simply describes the charges the government brings against the defendant. The indictment is not evidence and does not prove anything.

The defendant has pleaded not guilty to the charge and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant has the right to remain silent and never has to prove innocence or to present any evidence.

In order to help you follow the evidence, I will now give you a brief summary of the elements of the crime which the government must prove to make its case.

The defendant is charged in Count 1 of the indictment with conspiracy to possess with intent to distribute fentanyl in violation of Section 841(a) and Section 846 of Title 21 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, from a date unknown up to on or about March 17, 2021, there was an agreement between two or more persons to possess with intent to distributefentanyl; and

Second, the defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

To "possess with intent to distribute" means to possess with intent to deliver or

transfer possession of fentanyl to another person, with or without any financial interest in the transaction.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object or purpose of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

The defendant is charged in Count 2 of the indictment with possession with intent to distribute fentanyl in violation of Section 841(a)(1) of Title 21 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed fentanyl; and

Second, the defendant possessed it with the intent to distribute it to another person. The government is not required to prove the amount or quantity of fentanyl. It need only prove beyond a reasonable doubt that there was a measurable or detectable amount of fentanyl.

It does not matter whether the defendant knew that the substance was fentanyl. It is sufficient that the defendant knew that it was some kind of a federally controlled substance.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of fentnayl to another person, with or without any financial interest in the transaction.

The defendant is charged in Count 3 of the indictment with conspiracy to import a controlled substance in violation of Section 952(a) and Section 963 of Title 21 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning from a time unknown and ending on or about March 17, 2021, there was an agreement between two or more persons to import fentanyl; and

Second, the defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a

formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object or purpose of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

The defendant is charged in Count 4 of the indictment with unlawful importation of a controlled substance in violation of Sections 952 and 960 of Title 21 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly brought fentanyl into the United States from a place outside the United States; and

Second, the defendant knew the substance he was bringing into the United States was fentanyl or some other prohibited drug.

The government is not required to prove the amount or quantity of fentanyl. It need only prove beyond a reasonable doubt that there was a measurable or detectable amount of

fentanyl.

      It does not matter whether the defendant knew that the substance was fentanyl. It is sufficient that the defendant knew that it was some kind of a prohibited drug.