JON M. SANDS
Federal Public Defender
**J. LEONARDO COSTALES**
Louisiana State Bar № 35721
**JORDAN P. MALKA**
Illinois State Bar № 6321055
Assistant Federal Public Defenders
407 W. Congress, Suite 501
Tucson, AZ 85701-1355
Telephone: (520)879-7500
*Attorneys for Defendant*
Leo_Costales@fd.org
Jordan_Malka@fd.org

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **United States of America,** | **CR21-0672-TUC-RM (DTF)** |
| **Plaintiff,** | |
| **v.** | **DEFENSE PROPOSED JURY INSTRUCTIONS** |
| **Teddy Joseph Von Nukem,** | |
| **Defendant.** | |

Teddy Joseph Von Nukem, through undersigned counsel, respectfully submits the following proposed jury instructions.

**RESPECTFULLY SUBMITTED:** January 16, 2023.

JON M. SANDS
Federal Public Defender

*/s/ J. Leonardo Costales*
**J. LEONARDO COSTALES**

*/s/ Jordan P. Malka*
**JORDAN P. MALKA**
Assistant Federal Public Defenders

1

## **PRELIMINARY INSTRUCTIONS**

### **1.1 Duty of Jury**

Jurors:  You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions. At the end of the trial, I will give you more detailed written instructions that will control your deliberations.

When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not.  You must decide the case solely on the evidence and the law before you.

Perform these duties fairly and impartially.  You should not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.  Like conscious bias, unconscious bias can affect how we evaluate information and make decisions.

**Basis**

2022 Ninth Circuit Model Jury Instruction 1.1, modified to include the bracketed option for written jury instructions.

2

## 1.2 The Charge—Presumption of Innocence

The defense agrees with using the government's proposed 1.2 instruction filed under Doc. 69. Based on the language included in the proposed instruction, the government has apparently elected to prosecute Mr. Von Nukem under lesser-included offenses that do not require proof beyond a reasonable doubt regarding drug quantity, "The government is not required to prove the amount or quantity of fentanyl. It need only prove beyond a reasonable doubt that there was a measurable or detectable amount of fentanyl." Doc. 69 at 4, 5-6. As the comment to Model Jury Instruction 12.1, and, by reference, 12.19 suggest that this language is to be used only in cases when quantity is not an issue, the government's filing would indicate that quantity will not be an issue in the case – the defense has not stipulated to quantity. The defense therefore agrees with the proposed language if the government is electing to proceed on lesser-included offenses not requiring proof of quantity. *See* Fed. R. Crim. P. 31 (c)(1) ("(c) Lesser Offense or Attempt. A Defendant may be found guilty of any of the following: (1) an offense necessarily included in the offense charged."). If government intends to prove quantity, the defense requests that the Court strike the language indicating to the jury that the government is not required to prove the amount or quantity of fentanyl.

### 1.3 What is Evidence

The evidence you are to consider in deciding what the facts are consists of:

First, the sworn testimony of any witness; and

Second, the exhibits that are received in evidence.

**Basis**

2022 Ninth Circuit Model Jury Instruction 1.3, modified to include only the first and second forms of evidence as the defense does not anticipate stipulated facts at this time.

## 1.4 What is Not Evidence

The following things are *not* evidence, and you must not consider them as evidence in deciding the facts of this case:

First, statements and arguments of the attorneys;

Second, questions and objections of the attorneys;

Third, testimony that I instruct you to disregard; and

Fourth, anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

**Basis**

2022 Ninth Circuit Model Jury Instruction 1.4, modified for formatting only – to remove a space after the word "Second."

## 1.5 Direct and Circumstantial Evidence

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**Basis**

2022 Ninth Circuit Model Jury Instruction 1.5, unmodified.

**1.6 Ruling on Objections**

There are rules of evidence that control what can be received in evidence.  When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, or the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**Basis**

2022 Ninth Circuit Model Jury Instruction, unmodified.

**1.7 Credibility of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

First, the witness's opportunity and ability to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic

circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.  What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

**Basis**

2022 Ninth Circuit Model Jury Instruction 1.7, unmodified.

## 1.8 Conduct of the Jury

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This restriction includes discussing the case in person, in writing, by phone, tablet, or computer, or any other means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This restriction also applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter.  In addition, you must report

the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any

juror is exposed to any outside information, please notify the court immediately.

**Basis**

2022 Ninth Circuit Model Jury Instruction 1.9 and electing to include the option for no information regarding news reports about this case, and the optional admonishment regarding the possibility of a mistrial.

### 1.9 No Transcript Available to Jury

At the end of the trial, you will have to make your decision based on what you recall of the evidence.  You will not have a written transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

**Basis**

2022 Ninth Circuit Model Jury Instruction 1.9, unmodified.

## 1.10 Taking Notes

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you from being attentive.  When you leave court for recesses, your notes should be left in the [courtroom] [jury room] [envelope in the jury room].  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

**Basis**

2022 Ninth Circuit Model Jury Instruction 1.10, unmodified.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

## 1.11 Outline of Trial

The next phase of the trial will now begin.  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine.  Then, if the defendant chooses to offer evidence, counsel for the government may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

**Basis**

2022 Ninth Circuit Model Jury Instruction 1.11 and electing that the Court read jury instructions before closing arguments.

**1.14 Questions to Witnesses by Jurors During Trial**

When attorneys have finished their examination of a witness, you may ask questions of the witness. *Questions are to be submitted to the clerk in writing with your jury number filled in at the top of the page. The attorneys and the Court will discuss your question and the Court may ask the question of the witness.* If the rules of evidence do not permit a particular question, I will advise you. After your questions, if any, the attorneys may ask additional questions.

**Basis**

2022 Ninth Circuit Model Jury Instruction 1.14, electing option 2 to allow for jury questions, and filling in a proposed procedure for said questions in italics.

**1.16 Bench Conferences and Recesses**

During the trial, I may need to take up legal matters with the attorneys privately, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or what your verdict should be.

**Basis**

2022 Ninth Circuit Model Jury Instruction 1.16 unmodified.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

## MID-TRIAL INSTRUCTIONS
### 2.1 Cautionary Instruction

**At the End of Each Day of the Case:**

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom.  This means that after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case. This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers.  You also must not communicate with anyone, in any way, about this case.  And you must ignore any information about the case that you might see while browsing the Internet or your social media feeds.

**At the Beginning of Each Day of the Case:**

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here.  So you must not learn any additional information about the case from sources outside the courtroom.  To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.

[ALTERNATIVE 1 (in open court): if you think that you might have done so, please let me know now by raising your hand. [Wait for a show of hands].  I see no raised hands; however, if you would prefer to talk to the court privately in response to this question, please notify a member of the court's staff at the next break.  Thank you for your careful

adherence to my instructions.]

[ALTERNATIVE 2 (during voir dire with each juror, individually): Have you learned about or shared any information about this case outside of this courtroom? . . . Thank you for your careful adherence to my instructions.]

**Basis**

2022 Ninth Circuit Model Jury Instruction 2.1 unmodified. The defense defers to the Court as to the method of questioning jurors at the beginning of each day of the case.

## 2.4 Judicial Notice

I have decided to accept as proved the fact that [*insert fact noticed*], even though no evidence was presented on this point [,] [because this fact is of such common knowledge]. You may accept this fact as true, but you are not required to do so.

**Basis**

2022 Ninth Circuit Model Jury Instruction 2.4 unmodified, to be used if the Court takes judicial notice during the trial.

**2.12 Evidence for Limited Purpose**

You are about to hear evidence that [_describe evidence to be received for limited purpose_].  I instruct you that this evidence is admitted only for the limited purpose of [_describe purpose_] and, therefore, you must consider it only for that limited purpose and not for any other purpose.

**Basis**

Ninth Circuit Model Jury Instruction 2.12 unmodified. To be used if such limit-purpose evidence is introduced during trial.

# FINAL JURY INSTRUCTIONS
## 3.1 Statements by Defendant

You have heard testimony that the defendant made a statement.  It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it.  In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

**Basis**

Ninth Circuit Model Jury Instruction 3.1 unmodified. To be used if such statements are introduced at trial.

### 3.8 Impeachment Evidence—Witness

You have heard evidence that [*name of witness*], a witness, [*specify basis for impeachment*].  You may consider this evidence in deciding whether or not to believe this witness and how much weight to give to the testimony of this witness.

**Basis**

Ninth Circuit Model Jury Instruction 3.8 unmodified. To be used if such evidence is introduced at trial.

**3.14 Opinion Evidence, Expert Witness**

You [have heard] [are about to hear] testimony from [*name*] who [testified] [will testify] to opinions and the reasons for [his] [her] opinions.  This opinion testimony is allowed because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**Basis**

Ninth Circuit Model Jury Instruction 3.14, unmodified. To be used if such evidence is introduced at trial

### 3.15 Dual Role Testimony

You [have heard] [are about to hear] testimony from [*name*] who [testified] [will testify] to both facts and opinions and the reasons for [his] [her] opinions.

Fact testimony is based on what the witness saw, heard or did.  Opinion testimony is based on the education or experience of the witness.

As to the testimony about facts, it is your job to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.  [Take into account the factors discussed earlier in these instructions that were provided to assist you in weighing the credibility of witnesses.]

As to the testimony about the witness's opinions, this opinion testimony is allowed because of the education or experience of this witness.  Opinion testimony should be judged like any other testimony.  You may accept all of it, part of it, or none of it.  You should give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**Basis**

Ninth Circuit Model Jury Instruction 3.15 unmodified. To be used if such testimony is introduced at trial.

## 4.1 Aiding and Abetting (18 U.S.C. § 2(a))

A defendant may be found guilty of [*specify crime charged*], even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission.  To "aid and abet" means intentionally to help someone else commit a crime.  To prove a defendant guilty of [*specify crime charged*] by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

First, someone else committed [*specify crime charged*];

Second, the defendant aided, counseled, commanded, induced, or procured that person with respect to at least one element of [*specify crime charged*];

Third, the defendant acted with the intent to facilitate [*specify crime charged*]; and

Fourth, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person or was present at the scene of the crime.  The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit [*specify crime charged*].

A defendant acts with the intent to facilitate the crime when the defendant actively participates in a criminal venture with advance knowledge of the crime [and having acquired that knowledge when the defendant still had a realistic opportunity to withdraw from the crime].

27

1

2        The government is not required to prove precisely which defendant actually

3   committed the crime and which defendant aided and abetted.

4   **Basis**

5

6   Ninth Circuit Model Jury Instruction 4.1 unmodified. The indictment includes aiding and

7   abetting language, and the government has proposed an aiding and abetting instruction in

8   its proposed jury instructions. Doc. 72. If this instruction is used, the specific offenses of

9   importation of fentanyl and/or possession with intent to distribute fentanyl should be filled

10  in and the corresponding elements should be provided to the jury; the specific offenses and

11  elements of these are addressed elsewhere in the proposed instructions.

12

13

14

15

16

17

18

19

20

21

22

**4.8 Knowingly**

An act is done knowingly if the defendant is aware of the act and does not [act] [fail to act] through ignorance, mistake, or accident.  [The government is not required to prove that the defendant knew that [his] [her] acts or omissions were unlawful.]   You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

**Basis**

Ninth Circuit Model Jury Instruction 4.8, unmodified.

## 6.1 Duties of Jury to Find Facts and Follow Law

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.  You must decide the case solely on the evidence and the law.  You will recall that you took an oath promising to do so at the beginning of the case.  You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions or into anything I may have said or done as any suggestion as to what verdict you should return—that is a matter entirely up to you.

**Basis**

Ninth Circuit Model Jury Instruction 6.1, unmodified.

1

2
### 6.2 Charge Against Defendant Not Evidence—Presumption of Innocence—Burden of Proof

3

4
        The indictment is not evidence.  The defendant has pleaded not guilty to the

charge[s].  The defendant is presumed to be innocent unless and until the government

5
proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant does not

6
have to testify or present any evidence.  The defendant does not have to prove innocence;

7
the government has the burden of proving every element of the charge[s] beyond a

reasonable doubt.

8

9
**Basis**

10

Ninth Circuit Model Jury Instruction 6.2, unmodified.

11

12

13

14

15

16

17

18

19

20

21

22

1

2

### 6.3 Defendant's Decision Not to Testify

3

4

A defendant in a criminal case has a constitutional right not to testify.  In arriving at your

5

verdict, the law prohibits you from considering in any manner that the defendant did not

testify.

6

7

**Basis**

8

Ninth Circuit Model Jury Instruction 6.3, unmodified. If applicable.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

**6.4 Defendant's Decision to Testify**

The defendant has testified.  You should treat this testimony just as you would the testimony of any other witness.

**Basis**

Ninth Circuit Model Jury Instruction 6.4, unmodified. If applicable.

## 6.5 Reasonable Doubt—Defined

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

**Basis**

Ninth Circuit Model Jury Instruction 6.5, unmodified.

**6.6 What is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

First, the sworn testimony of any witness; [and]

Second, the exhibits received in evidence[.] [; and]

[Third, any facts to which the parties have agreed.]

**Basis**

Ninth Circuit Model Jury Instruction 6.6, unmodified. The defense does not anticipate a need for the third category based on stipulated facts at this time.

**6.7 What is Not Evidence**

In reaching your verdict you may consider only the testimony and exhibits received in evidence.  The following things are not evidence, and you may not consider them in deciding what the facts are:

1.     Questions, statements, objections, and arguments by the lawyers are not evidence.  The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their opening statements, [will say in their] closing arguments, and [have said] at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.     Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.  [In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.]

3.     Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

**Basis**

Ninth Circuit Model Jury Instruction 6.7, unmodified.

1

**6.8 Direct and Circumstantial Evidence**

2

3         Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact,

such as testimony by a witness about what that witness personally saw or heard or did.

4 Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from

5 which you can find another fact.

6

7         You are to consider both direct and circumstantial evidence.  Either can be used to

prove any fact.  The law makes no distinction between the weight to be given to either

8 direct or circumstantial evidence.  It is for you to decide how much weight to give to any

9 evidence.

10 **Basis**

11

12 Ninth Circuit Model Jury Instruction 6.8, unmodified.

13

14

15

16

17

18

19

20

21

22

## 6.9 Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account the following:

First, the opportunity and ability of the witness to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else

38

he or

she said.  Sometimes different witnesses will give different versions of what happened. People

often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other

hand, if you think the witness testified untruthfully about some things but told the truth about

others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**Basis**

Ninth Circuit Model Jury Instruction 6.9, unmodified.

**6.10 Activities Not Charged**

You are here only to determine whether the defendant is guilty or not guilty of the charge[s] in the indictment.  The defendant is not on trial for any conduct or offense not charged in the indictment.

**Basis**

Ninth Circuit Model Jury Instruction 6.10, unmodified.

### 6.11 Separate Consideration of Multiple Counts—Single Defendant

A separate crime is charged against the defendant in each count.  You must decide each count separately.  Your verdict on one count should not control your verdict on any other count.

**Basis**

Ninth Circuit Model Jury Instruction 6.11, unmodified.

1

2

### 6.15 Possession—Defined

3

A person has possession of something if the person knows of its presence and has
physical control of it or knows of its presence and has the power and intention to control
it.

**Basis**

Ninth Circuit Model Jury Instruction 6.15, modified to remove the bracketed text "[More
than one person can be in possession of something if each knows of its presence and has
the power and intention to control it.]" because it is not relevant to the case.

1

## 6.19 Duty to Deliberate

2

3      When you begin your deliberations, elect one member of the jury as your [presiding

4  juror] [foreperson] who will preside over the deliberations and speak for you here in court.

5

6      You will then discuss the case with your fellow jurors to reach agreement if you can

   do so.  Your verdict, whether guilty or not guilty, must be unanimous.

7

8      Each of you must decide the case for yourself, but you should do so only after you

   have considered all the evidence, discussed it fully with the other jurors, and listened to the

9  views of your fellow jurors.

10

11      Do not be afraid to change your opinion if the discussion persuades you that you

   should. But do not come to a decision simply because other jurors think it is right.

12

13      It is important that you attempt to reach a unanimous verdict but, of course, only if

14 each of you can do so after having made your own conscientious decision.  Do not change

   an honest belief about the weight and effect of the evidence simply to reach a verdict.

15

16      Perform these duties fairly and impartially.  You should also not be influenced by

17 any person's race, color, religious beliefs, national ancestry, sexual orientation, gender

18 identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced

   by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including

19 unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that

20 people may consciously reject but may be expressed without conscious awareness, control,

21 or intention.

22

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so.   During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

**Basis**

Ninth Circuit Model Jury Instruction 6.19, unmodified.

**6.20 Consideration of Evidence—Conduct of the Jury**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media.  This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings [, and a mistrial could result that would require the entire trial process to start over].  If any juror is exposed to any outside information, please notify the court immediately.

**Basis**

Ninth Circuit Model Jury Instruction 6.20, unmodified.

**6.21 Use of Notes**

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

**Basis**

Ninth Circuit Model Jury Instruction 6.21, unmodified.

**6.22 Jury Consideration of Punishment**

The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

**Basis**

Ninth Circuit Model Jury Instruction 6.22, unmodified.

48

**6.23 Verdict Form**

A verdict form has been prepared for you.  [*Explain verdict form as needed.*]  After you have reached unanimous agreement on a verdict, your [presiding juror] [foreperson] should complete the verdict form according to your deliberations, sign and date it, and advise the [clerk] [bailiff] that you are ready to return to the courtroom.

**Basis**

Ninth Circuit Model Jury Instruction 6.23, unmodified.

1

2

**6.24 Communication with Court**

3

4       If it becomes necessary during your deliberations to communicate with me, you may

5  send a note through the [clerk] [bailiff], signed by any one or more of you.  No member of

6  the jury should ever attempt to communicate with me except by a signed writing, and I will

7  respond to the jury concerning the case only in writing or here in open court.  If you send

8  out a question, I will consult with the lawyers before answering it, which may take some

9  time.  You may continue your deliberations while waiting for the answer to any question.

10  Remember that you are not to tell anyone—including me—how the jury stands,

11  numerically or otherwise, on any question submitted to you, including the question of the

12  guilt of the defendant, until after you have reached a unanimous verdict or have been

13  discharged.

**Basis**

Ninth Circuit Model Jury Instruction 6.24, unmodified.

**12.1 Controlled Substance—Possession with Intent to Distribute (21 U.S.C. § 841(a)(1))**

The defendant is charged in Count 2 of the indictment with possession of fentanyl with intent to distribute in violation of Section 841(a)(1) of Title 21 of the United States Code.  For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed any controlled substance; and

Second, the defendant possessed it with the intent to distribute it to another person.

[The government is not required to prove the amount or quantity of [*specify controlled substance*].  It need only prove beyond a reasonable doubt that there was a measurable or detectable amount of [*specify controlled substance*].]

It does not matter whether the defendant knew that the substance was fentanyl.  It is sufficient that the defendant knew that it was some kind of a federally controlled substance.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of fentanyl to another person, with or without any financial interest in the transaction.

**Basis**

Ninth Circuit Model Jury Instruction 12.1, modified to include facts of the case. The bracketed paragraph is included in the event the government chooses to pursue a lesser-included offense not requiring proof of quantity. Regarding the bracketed paragraph, a

comment to the model jury instruction states "[u]se the bracketed paragraph only when quantity is not at issue." However, the government used the language in two of its preliminary instructions, Doc. 69, and did not include the full text of its proposed instructions either within its filing or as an attachment, Doc. 72, so the government's intentions regarding proving weight are presently unclear.

1

2

**12.2 Determining Amount of Controlled Substance**

3

        If you find the defendant guilty of the charge in [Count _____ of] the indictment,

you are then to determine whether the government proved beyond a reasonable doubt that

4

the amount of fentanyl that defendant intended to distribute equaled or exceeded 400

5

grams.  Your determination of weight must not include the weight of any packaging

6

material. Your decision as to weight must be unanimous.

7

        The government does not have to prove that the defendant knew the quantity of

8

fentanyl.

9

**Basis**

10

11

Ninth Circuit Model Jury Instruction 12.2, modified to include facts of the case. To be used

12

if government chooses to prove drug weight. This instructions

13

14

15

16

17

18

19

20

21

22

**Controlled Substance—Conspiracy to Possess with Intent to Distribute**

The defendant is charged in Count 1of the indictment with conspiracy to possess with intent to distribute fentanyl in violation of Section 841(a) and Section 846 of Title 21 of the United States Code.  For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about a date unknown and ending on or about March 17, there was an agreement between two or more persons to possess with intent to distribute fentanyl; and

Second, the defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

"To distribute" means to deliver or transfer possession of fentanyl to another person, with or without any financial interest in that transaction.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes.  The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy.  It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another.  You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object or purpose of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators.  On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator.   Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

**Basis**

Ninth Circuit Model Jury Instruction 12.5, as modified to include the facts of the case and the particular charge. Although 12.5 only specifically refers to distribution or manufacturing in the bracketed options, the language also appears to apply well as-is to the charge of Conspiracy to Possess with Intent to Distribute. The defense also proposes using the bracketed text from the model jury instruction defining "to distribute."

## Controlled Substance—Conspiracy to Import

The defendant is charged in Count 1of the indictment with importation of fentanyl in violation of Section 841(a) and Section 846 of Title 21 of the United States Code.  For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about a date unknown and ending on or about March 17, there was an agreement between two or more persons to import fentanyl; and

Second, the defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes.  The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy.  It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another.  You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object or purpose of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy.

1   Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the
2   originators.  On the other hand, one who has no knowledge of a conspiracy, but happens to
3   act in a way which furthers some object or purpose of the conspiracy, does not thereby
4   become a conspirator.  Similarly, a person does not become a conspirator merely by
5   associating with one or more persons who are conspirators, nor merely by knowing that a
    conspiracy exists.

6

7

8   **Basis**

9

10  Ninth Circuit Model Jury Instruction 12.5, as modified to include the facts of the case and
11  the particular charge.  Although 12.5 only specifically refers to distribution or
    manufacturing in the bracketed options, the language also appears to apply well as-is to the
12  charge of Conspiracy to Import Fentanyl.

13

14

15

16

17

18

19

20

21

22

**12.19 Controlled Substance—Unlawful Importation (21 U.S.C. §§ 952, 960)**

The defendant is charged in Count 4 of the indictment with unlawful importation of a controlled substance in violation of Sections 952 and 960 of Title 21 of the United States Code.  For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly brought fentanyl into the United States from a place outside the United States; and

Second, the defendant knew the substance he was bringing into the United States was fentanyl or some other prohibited drug.

[The government is not required to prove the amount or quantity of [*specify controlled substance*].  It need only prove beyond a reasonable doubt that there was a measurable or detectable amount of [*specify controlled substance*].]

It does not matter whether the defendant knew that the substance was fentanyl.  It is sufficient that the defendant knew that it was some kind of a prohibited drug.

**Basis**

Ninth Circuit Model Jury Instruction 12.19, modified to include facts of the case. The bracketed paragraph is included in the event the government chooses to pursue a lesser-included offense not requiring proof of quantity. Regarding the bracketed paragraph, a comment to model jury instruction 12.19 refers to the comments on model jury instruction 12.1 and 12.2. One such comment to model jury instruction 12.1 states "[u]se the bracketed paragraph only when quantity is not at issue." However, the government used the language

in two of its preliminary instructions, Doc. 69, and did not include the full text of its proposed instructions either within its filing or as an attachment, Doc. 72, so the government's intentions regarding proving weight are presently unclear.