GARY M. RESTAINO
United States Attorney
District of Arizona
MATTHEW G. ELTRINGHAM
Assistant U.S. Attorney
matthew.eltringham@usdoj.gov
405 West Congress, Suite 4800
Tucson, Arizona 85701-5040
Telephone: (520) 620-7300
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>Teddy Joseph Von Nukem,<br><br>　　　　　　　　Defendant. | CR 21-00672-TUC-RM (DTF)<br><br>GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE THE INTRODUCTION OF EXPERT TESTIMONY<br><br>(Doc. 84) |

　　　　Now comes the United States of America, by and through its attorneys undersigned, and files this Motion in Limine to Preclude the Introduction of Expert Testimony. On January 19, 2023, the defense noticed an expert regarding the chain of custody. (Doc. 84.) The defense noticed Mr. Michael P. Grommes as an expert in the chain of custody. *Id*. The defense has not met its burden to show by a preponderance of the evidence that Mr. Grommes' proposed expert testimony is admissible under Federal Rule of Evidence 702. The government respectfully requests that a *Daubert* be set at the Court's convenience.

**Facts**

　　　　On March 17, 2021, the defendant was apprehended when he attempted to smuggle approximately 15.09 kilograms of fentanyl pills concealed in his vehicle into the United States through the Lukeville Port of Entry. During a post-*Miranda* statement, the defendant admitted he was attempting to smuggle an unknown quantity of an unknown

controlled substance into the United States, and also admitted he was paid $4,000 to smuggle the contraband. The defendant stated that he lent his vehicle to "Victor" in Mexico, and that Victor had possession of his vehicle for a few days before his arrest. On April 14, 2021, a federal grand jury returned an indictment charging the defendant with the following: Count 1, Conspiracy to Distribute Fentanyl; Count 2, Possession with Intent to Distribute Fentanyl; Count 3, Conspiracy to Import Fentanyl; and Count 4, Importation of Fentanyl. (Doc. 16.)

The defense noticed Mr. Michael P. Grommes as an expert and provided a summary of his testimony along with his CV and prior testimony over the last few years.

**Law and Argument**

If expert testimony is challenged, the party proffering the expert testimony must show by a preponderance of the evidence that the expert's testimony is admissible. *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579, 592 n.10 (1993). Before admitting expert testimony, "the district court must perform a 'gatekeeping role' of ensuring that the testimony is both 'relevant' and 'reliable'" under Rule 702 of the Federal Rules of Evidence ("FRE"). *United States v. Ruvalcaba-Garcia*, 923 F.3d 1183, 1188 (9th Cir. 2019), *cert. denied*, 140 S. Ct. 1135 (2020) (citing *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993)). The Ninth Circuit Court of Appeals has held that even where a *Daubert* evidentiary hearing is not needed, the trial court's gatekeeping role requires a preliminary finding as to the reliability of expert testimony. *See United States v. Valencia-Lopez*, 971 F.3d 891, 899 (9th Cir. 2020). In *Valencia-Lopez*, the Ninth Circuit reasoned that "the district court's gatekeeper role includes a 'preliminary assessment of whether the reasoning or methodology underlying the testimony is . . . valid and whether that reasoning or methodology properly can be applied to the facts at issue.'" *Id.* at 900 (citing *United States v. Hermanek*, 289 F.3d 1076, 1093 (9th Cir. 2002)).

Determining the credibility of evidence or a witness is squarely within the common knowledge of the average layperson because "the jury is the lie detector in the courtroom." *United State v. Barnard*, 490 F.2d 907, 912 (9th Cir. 1973). FRE 702 generally requires that the testimony of an expert "help the trier of fact to understand the evidence or to

determine a fact in issue" and that the expert be sufficiently qualified to give the opinion. Fed. R. Evid. 702; *Primiano v. Cook*, 598 F.3d 558, 563 (9th Cir. 2010). "Expert testimony should be excluded if it concerns a subject improper for expert testimony, for example, one that invade the province of the jury." *United States v. Lukashov*, 694 F.3d 1107, 1115-1116 (9th Cir. 2012) (cleaned up). "If it is improper for an expert to testify as to the nonbelievability of a type of testimony it is equally improper for the expert to testify as to the believability of a type of testimony." *United States v. Todd*, 884 F.2d 583 (9th Cir. 1989).

Mr. Grommes' lacks the requisite training, education, and experience to testify as an expert witness regarding the chain of custody. In reviewing Mr. Grommes' CV it is clear that he has not worked for the government in any law enforcement capacity. One of his current jobs is as an inspector for the Substance Abuse and Mental Health Administration ("SAMHSA"), which is part of the U.S. Department of Health and Human Services. It appears this work relates to workplace drug testing. All of his experience relates to either civilian toxicology analysis or workplace toxicology. Neither of which is relevant to the chain of custody in this case.

Wherefore, the government respectfully requests that this Court grant the government's motion *in limine* to preclude the testimony of Mr. Grommes.

Respectfully submitted this 24th day of January, 2023.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/ Matthew G. Eltringham*
MATTHEW G. ELTRINGHAM
Assistant U.S. Attorney

Copy of the foregoing served electronically
or by other means this 24th day of January, 2023, to:

J. Leo Costales, Esq.,
Jordan P. Malka, Esq.,
Attorneys for the Defendant.